## Case No. 6,025.

### HANKIN et al. v. SQUIRES.

[5 Biss. 186.] [1]

Circuit Court, N. D. Illinois. Oct., 1870.

BILLS AND NOTES — POSSESSION OF TIME DRAFT — PRESUMPTION — BURDEN OF PROOF — CIRCUMSTANCES — CHARGING THE JURY — STATE LAW AND PRACTICE.

1. The possession by the payee of a time draft unaccepted and uncanceled, is not evidence, prima facie, that he had paid it. There not being, until acceptance, any obligation on the part of the drawee, the rule applicable to promissory notes does not apply.

2. Burden of proof. — When payment is alleged it is on the defendant.

3. Where it is the custom of a bank to stamp all drafts paid at its counter, the jury may consider the absence of such stamp on a draft claimed to have been paid to the teller, as a suspicious circumstance; also, the fact that by the books of the bank the draft did not appear to have been paid; also, the fact that the payment or presentation of a time draft would be a circumstance which the officers of the bank would be likely to recollect.

4. State law and practice are not binding on the federal courts.

[Cited in Finlay v. Bryson, 84 Mo. 666.]

Assumpsit by the plaintiffs [Charles M. Hankin and others], merchants in New York City, to recover $658.50, balance of account for which they had drawn a ten days' draft on the defendant, July 10th, 1868, through the First National Bank of Chicago. Defendant [William H. Squires] pleaded payment of the draft, and offered the draft in evidence, but without any marks of cancellation.

Chas. Hitchcock, for plaintiffs.
Geo. W. Brandt, for defendant.

BLODGETT, District Judge (charging jury). It is claimed on the part of the defendant that the possession of this draft by the defendant, and its production in court, is prima facie evidence that he has paid it. I do not agree with the counsel for the defendant in this view of the law, but instruct you that the possession of this draft is no evidence that it has been paid by the defendant. So far as the face of the draft is concerned, the defendant is not a party to it. It has never been accepted by him, and no liability has ever been assumed upon the face of the paper by the defendant. Before a party becomes liable upon a time draft, he must accept it. As yet it is a mere request on the defendant to pay this amount of money. He might and was at liberty to refuse to accept and throw the plaintiffs back on their original account. He has not accepted the draft in any form, and therefore I do not think the rule of law with which you are all familiar, that when you take up your promissory notes and get them it is evidence you have paid them, applies in this case, because a promissory note is a completed instrument — an obli-

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

gation on the party who makes it—and when a party takes his obligation into his possession, it is at least prima facie evidence that he has paid it and is entitled to such possession. The evidence, then, as to whether this draft has been paid must rest on the testimony of the parties outside of the production of this draft by the defendant in court.

In the first place, then, I will say to you that the burden of proof in this case is on the defendant. He admits the plaintiffs' case against him; he admits that he has received the goods with which they charge him, and that he at one time certainly was lawfully indebted to them for the amount of their claim, and he sets up, by way of defense, that he has paid it in this particular manner. He must make out clearly and to your satisfaction that it has been paid. Mere surmise or guess-work, and presumption not founded on well-proven facts, ought not to be indulged in.

The draft in question does not bear upon its face, or any where upon it, the stamp of the bank which its officers state to you it should bear if it had been paid. This circumstance is a strong one which I commend to your consideration, as going to show, under all the testimony, that this draft has not been paid. We all understand that large moneyed institutions must have a systematic way of doing business, and it is an undisputed fact by the testimony here, that whenever drafts are paid at the counter of this bank, they are invariably stamped with the stamp of the bank.

The defendant claims that on the occasion he paid this ten-days'-time draft he also paid a sight draft to the same bank. He produces this sight draft in evidence, and it bears a stamp showing payment.

The defendant testifies that immediately on receiving his drafts, which he paid in the due course of his business, he transmitted them to a correspondent in New York, for the purpose of showing that he had paid them, and thereby showing that he was in good credit. It occurs to me that if a party wished to bolster his credit by showing that he had promptly met his drafts, even before maturity, by transmitting them to business men, that he should show they bore on their face the impress which business men would usually look for as evidence that they had been paid, and where one of these drafts was stamped and the other not, it seems to me that a shrewd business man, who was dealing honestly and wished to impress others with the conviction that he was not only honest, but able to pay his debts, would have insisted that the other draft should be similarly stamped; and if on inspection he had seen that one was stamped and the other was not, he would have returned it to the teller to whom he paid the money, for the purpose of having it stamped, so that it too might bear on its face the evidence of its being liquidated.

The defendant, however, testifies that on the 14th of July, 1868, the day that he paid this sight draft, he went into the bank and paid both these drafts, and for the purpose of his defense he says that he paid the money to the teller. The teller of the bank should be as much his witness as he himself to establish this fact, and the books of the bank should also show such payment. It is in evidence before you that the books of the bank show that this money was not paid; or, rather, there is no evidence that the money was ever paid or received by the bank. The evidence tends to show that the draft was handed out through the window to the defendant, for the purpose of acceptance at the time he paid the sight draft. The draft was not yet due; it had thirteen days yet to run. You are all aware that it is rather an extraordinary circumstance for a man to pay a draft of this kind thirteen days before its maturity, and you will take notice, as you have a right to do, of the fact that such a circumstance, if it occurred, would be likely to impress itself upon the agents of the bank who were charged with the duty of receiving the money on such a draft. It is true that Mr. Squires, the drawee, had a right to pay the draft when it was presented to him for acceptance, but if when it was presented to him for acceptance he had paid the money instead of accepting it, that would be a circumstance so much out of the course of business as to naturally impress itself on the memories of those concerned in the transaction; and yet the tellers who participated in the transaction, testify distinctly that the draft was not paid.

The witnesses for the plaintiff, brought here on behalf of the bank, testify that there was no money paid to them; that the draft was passed out for acceptance. It is not an extraordinary circumstance for a person to whom a draft is so presented to wish to take it to his office or place of business for the purpose of comparing it with his books and determining whether it is right or not; therefore it is not very probable that the fact that the draft was not returned immediately to the window drew much attention.

Verdict for plaintiffs.

### On Motion for New Trial.

BLODGETT, District Judge. I have given this case a good deal of consideration. The authorities in this state in relation to courts charging the jury are not binding on this court. I am satisfied the court did not travel beyond the limits of the practice allowed in the federal courts. The motion for new trial is overruled.

HANKS (ELY v.). See Case No. 4,430.

HANLENBECH (ARMSTRONG v.). See Case No. 544.

HANLEY (TRIPLETT v.). See Case No. 14,-179.

HANLY (SNEED v.). See Case No. 13,136.